325 So.2d 446 (1976)
Harold HUR et al., Appellants,
v.
SAUL J. MORGAN ENTERPRISES, INC., a Florida Corporation, et al., Appellees.
No. 75-34.
District Court of Appeal of Florida, Third District.
January 27, 1976.
Joseph S. Paglino, Miami, for appellants.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, Abrams, Anton, Robbins, Resnick & Schneider, Hollywood, and Maurice M. Garcia, Hallandale, for appellees.
Before BARKDULL, C.J., and HENDRY, J., and PIERCE, WILLIAM C., Associate Judge.
PIERCE, WILLIAM C., Associate Judge.
Harold Hur, one of the appellants who was one of the plaintiffs in the court below, appeals with his co-plaintiffs from an order dismissing with prejudice their third amended complaint against Morgan Enterprises and other co-defendants.
The last amended complaint is a rambling 17-page complaint alleging in essence that Morgan Enterprises is the developer of a condominium having more than four hundred unit owners. Various wrongful acts are alleged on the part of the developers, such as misuse of funds collected for maintenance and other wrongful acts allegedly causing the developers to sustain a budget deficit. As intimated here, the various amended complaints are loosely drawn and it is with some degree of linguistic license that we proceed to determination on the merits.
It does sufficiently appear, however, that, while the complaint alleges it is a class action, a careful perusal of the pleadings sufficiently demonstrates to our satisfaction that it cannot be properly denominated as such. We are convinced that the cause of action exists, if at all, only in favor of the condominium association, not the unit owners.
The order of dismissal appealed from holds that the pleadings reflect that plaintiffs below have no standing to bring an action for the relief sought, although having "ample opportunity through repeated amendments to the complaint * * * to state any cause of action they may have". We think this holding by the trial court was eminently correct. The order appealed is therefore affirmed.
Affirmed.